*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1931**

State of Minnesota,
Respondent,

vs.

Sergey Alekseyevich Porada,
Appellant.

**Filed September 6, 2016
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-VB-15-4460

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Paul D. Baertschi, Tallen and Baertschi, Minneapolis, Minnesota (for respondent)

Sergey A. Porada, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Jesson, Presiding Judge; Halbrooks, Judge; and Hooten, Judge.

# UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant challenges his conviction of driving without his headlights or taillights illuminated after sunset under Minn. Stat. § 169.48, subd. 1(a)(1) (2014). We affirm.

**FACTS**

After observing a driver, later identified as appellant Sergey Porada, leaving a parking lot after dark without his headlights activated, a Robbinsdale police officer assigned to a traffic-safety detail followed his car. As they approached a construction zone, Porada's lane ended, and he failed to yield while merging, nearly causing a collision. The officer then initiated a traffic stop. As the officer approached Porada's car, its headlights and taillights were off. After learning why he had been pulled over, Porada "flipped a switch" and turned the lights on. The officer issued Porada a citation for driving without his headlights or taillights illuminated in violation of Minn. Stat. § 169.48, subd. 1(a)(1). The officer's squad-car video camera recorded all relevant details.

Porada challenged the citation and the case proceeded to a bench trial, at which the state offered the officer's testimony and the squad-car video. Porada offered his own testimony and that of a witness who had been a passenger in his car. Porada also introduced a report, apparently from a car dealership, stating that his car's headlights and taillights were working properly approximately two weeks after the traffic stop. The district court found the officer's testimony credible and discredited contrary evidence, ruled that Porada had violated Minn. Stat. § 169.48, subd. 1(a)(1), and imposed a sentence of a $150 fine and a $78 surcharge. Porada appeals.

## DECISION

### I.

Porada argues that the district court erred by denying his pretrial motion to dismiss for lack of probable cause. We review the district court's factual findings for clear error but review its application of the probable-cause standard to the facts de novo. *State v. Lopez*, 778 N.W.2d 700, 703 (Minn. 2010).

Porada's argument is based in part on a misinterpretation of Minn. Stat. § 169.48, subd. 1(a) (2014). He contends that the statute only applies to "highways" and that 42nd Avenue is not a "highway" within the meaning of the statute. But "street or highway" is statutorily defined as "the entire width between boundary lines of any way or place when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic." Minn. Stat. § 169.011, subd. 81 (2014). It is undisputed that 42nd Avenue meets that definition.

In the alternative, Porada argues that there was an insufficient factual basis to establish probable cause to issue the citation. A motion to dismiss for lack of probable cause should be denied if the facts in the record, "including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial." *Lopez*, 778 N.W.2d at 703-04. If there is a fact question on each element of a charged offense, the charge will not be dismissed for lack of probable cause. *Id.* at 704. Here, the state had to prove that Porada's headlights or taillights were not illuminated while his vehicle was "upon a highway within this state . . . at any time from sunset to sunrise." Minn. Stat. § 169.48, subd. 1(a)(1). The officer's written citation states that Porada drove

3

on 42nd Avenue without his lights on at 9:31 p.m. on March 6, 2015. At a minimum, these observations present fact questions to be determined by a fact-finder. Thus, the district court properly declined to dismiss the citation for lack of probable cause.

Finally, Porada argues that it was improper for the district court to deny his motion from the bench without stating its reasons. When Porada renewed his motion before trial, the district court again denied it, ruling that the requirements of Minn. Stat. § 169.48, subd. 1(a)(1) apply to vehicles on 42nd Avenue based on the definition of "street or highway" from Minn. Stat. § 169.011, subd. 81. Porada fails to provide a basis in law that requires further elaboration.

## II.

Porada argues that the state presented insufficient evidence to convict him of violating Minn. Stat. § 169.48, subd. 1(a)(1). On a challenge to the sufficiency of the evidence, "we undertake a painstaking review of the record, and review the evidence to determine whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a [fact-finder] could reasonably conclude that the defendant was guilty of the offense charged." *State v. Barshaw*, 879 N.W.2d 356, 362 (Minn. 2016) (alteration in original) (quotation and citation omitted). We view the evidence in the light most favorable to the verdict and assume "that the fact-finder disbelieved any evidence that conflicted with the verdict." *Id.* at 363 (quotation omitted). We do not retry the facts. *State v. Flowers*, 788 N.W.2d 120, 133 (Minn. 2010).

Much of Porada's argument turns on the credibility of witnesses. The officer testified that he saw Porada's car traveling on 42nd Avenue after sunset without its

4

headlights or taillights on. He also testified, and Porada did not argue otherwise, that Porada was the person driving the car. The district court credited the officer's testimony. We defer to the district court's credibility determinations. *State v. Dickerson*, 481 N.W.2d 840, 843 (Minn. 1992), *aff'd*, 508 U.S. 366, 113 S. Ct. 2130 (1993). The officer's testimony is supported by the squad-car video—which shows Porada turning his lights on only after being informed of the basis for the traffic stop.

Porada also argues that evidence that his car's lights were functioning properly nearly two weeks after the traffic stop and that they turn on automatically when he starts the car forecloses the possibility that he was driving without his lights illuminated on the night in question. But the state did not have to prove that the lights were dysfunctional. And Porada's argument that his signaling lights and brake lights worked properly that night is of no consequence. *Compare* Minn. Stat. § 169.48, subd. 1 (requiring the use of headlights and taillights after sunset), *with* Minn. Stat. § 169.57, subds. 1-2 (2014) (requiring brake lights and turn signals). We conclude that the state presented sufficient evidence to convict Porada of driving without his headlights or taillights illuminated after sunset.

**III.**

Porada argues that the district court erred by imposing a fine in an amount greater than listed on the statewide payables list. The statewide payables list sets forth fines "that may be paid in lieu of a court appearance by the defendant." Minn. R. Crim. P. 23.03, subd. 2(2); *see also* Minn. Stat. § 609.101, subd. 4(2) (2014) (authorizing the creation of the statewide payables list as a uniform fine schedule); Minnesota Judicial Branch,

5

*Statewide Payables Lists,* http://mncourts.gov/GovernmentPartners/Statewide-Payables-Lists.aspx (last visited Aug. 10, 2016). Porada made an appearance; therefore the statewide payables list does not apply in this case.

A violation of Minn. Stat. § 169.48, subd. 1(a)(1) is a petty misdemeanor. Minn. Stat. § 169.89, subd. 1 (2014). "If convicted, the person is not subject to imprisonment but shall be punished by a fine of not more than $300." Minn. Stat. § 169.89, subd. 2 (2014). The imposed fine of $150 is well within the statutory maximum.

## IV.

Porada argues that the state committed discovery violations warranting reversal. He first argues that the state failed to comply with rule 26 of the Minnesota Rules of Civil Procedure. But the rules of civil procedure do not apply in criminal cases. He also argues that the state failed to comply with Minn. R. Crim. P. 9.04, which requires the prosecutor to allow the defendant to inspect police investigatory reports before trial and "[upon] request . . . disclose any material or information within the prosecutor's possession and control that tends to negate or reduce the guilt of the accused as to the offense charged." On June 9, 2015, Porada asked the prosecutor for the squad-car video. The prosecutor promptly responded by letter, informing Porada how to obtain a squad-car video from the police department if one was available. Porada failed to request the video. Instead, he renewed his request to the prosecutor orally on July 9, 2015. On July 15, 2015, approximately four months before trial, the prosecutor obtained a copy of the video and provided it to Porada. There is no support in the record for Porada's argument that the prosecutor knowingly withheld any evidence within his possession.

In the alternative, Porada argues that reversal is warranted because the police officer, prosecutor, and district court were biased and violated ethics rules. Porada raises these arguments for the first time in his reply brief. Arguments that are raised for the first time in a reply brief are forfeited. *McIntire v. State*, 458 N.W.2d 714, 717 n.2 (Minn. App. 1990), *review denied* (Minn. Sept. 28, 1990). Moreover, our careful review of the record shows that these claims are without merit. The district court demonstrated considerable patience with Porada. The district court credited the testimony of the officer, expressly finding after reviewing the squad-car video that the officer treated Porada respectfully. The record supports this finding. And nothing in the record suggests bias on the part of the prosecutor. Porada was given ample opportunity and resources to present his evidence and argument to the district court and received a fair trial.

**Affirmed.**